**UNITED STATES DISTRICT COURT**
**PUERTO RICO**

Civ. Case No.

SUN COMMODITIES, INC. d/b/a SUN
INTERNATIONAL PRODUCE CO.,

     Plaintiff,

vs.

GLOBAL IMPORT PRODUCTS, INC.,          Re: PACA Claim
ABDIEL TORRES RAMOS,               7 U.S.C. §499, *et seq.*
HENRY PAGAN PEREZ,
ARIEL TORRES RAMOS, and
AE MANA ISABELA, CORP,

     Defendants.

_____/

## COMPLAINT

COMES NOW Plaintiff SUN COMMODITIES, INC. d/b/a SUN INTERNATIONAL PRODUCE CO. ("SUN") before this Honorable Court and respectfully states, alleges and prays as follows:

## JURISDICTION AND VENUE

1. This action seeks to enforce SUN's rights pursuant to the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. §499(a) - §499(s), as amended in 1984, 7 U.S.C. §499e(c) (referred to herein as the "PACA").

2. Jurisdiction over the Defendants is based upon Section 5(c) of the PACA, as amended, 7 U.S.C. §499e(c)(5) and 28 U.S.C. §1331, and 28 U.S.C. §1332.

3. Venue in this District is based on 28 U.S.C. §1391, in that the Defendants are located in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

1

**THE PARTIES**

4.     Plaintiff SUN is a Florida corporation whose principal place of business is at 2230 SW 2nd St., Pompano Beach, FL 33069-3121.  SUN is engaged in the business of buying and selling wholesale quantities of fresh fruits and vegetables in interstate commerce, and was at all pertinent times a "Dealer," "Broker," and/or "Commission Merchant" as those terms are defined under the PACA, and was licensed under the PACA by the U.S.D.A., license #19981717

5.     Defendant GLOBAL IMPORT is a Puerto Rican corporation whose principal place of business is at Carr 111 Av7 Las Patriotas km 34, Lares, PR 00669, Puerto Rico, and the company was at all material times a "Dealer" as those terms are defined under the PACA.

6.     Defendant ABDIEL TORRES RAMOS is a resident of Puerto Rico who, according to the Puerto Rican Secretary of State records, is the President of GLOBAL IMPORT, and at all material times he also had control of the finances, including the PACA trust assets, of GLOBAL IMPORT.

7.     Defendant HENRY PAGAN PEREZ is a resident of Puerto Rico who, according to the Puerto Rican Secretary of State records, is the Vice-President of GLOBAL IMPORT,  and at all material times he also had control of the finances, including the PACA trust assets, of GLOBAL IMPORT.

8.     Defendant ARIEL TORRES RAMOS is a resident of Puerto Rico, and he is believed to be the Treasurer of GLOBAL IMPORT and is blood-related to ABDIEL TORRES RAMOS, and he owns AE MANA ISABELA, CORP.  Based upon information and belief, he is or was in a position to control the finances, including the PACA trust assets, of GLOBAL IMPORT.

9.      Defendant AE MANA ISABELA, CORP., is a Puerto Rican corporation whose principal place of business is at 3535 Ave Militar, Suite 15, Isabela, PR 00662.

## GENERAL ALLEGATIONS

10.     SUN sold and delivered the perishable agricultural commodities (the "Produce") to GLOBAL IMPORT that are identified in its statement and invoices attached hereto at Exhibit "A," and GLOBAL IMPORT received and accepted the Produce.  In addition to Produce, some of the invoices identify a "Transfer Charge" which is a charge for services necessary to the transportation of the Produce to GLOBAL IMPORT, including drayage and cross-dock services. As shown on the statement, the total owed by GLOBAL IMPORT to SUN is $965,996.53.[1]

11.     On or about the date that each container of Produce shipped from the Port of Jacksonville in Floridia to GLOBAL IMPORT, SUN emailed an invoice for the Produce in that container to GLOBAL IMPORT.  Each invoice included the statutory notice of intent to preserve PACA Trust Benefits, specifically:

> "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

12.     The vast majority of the subject perishable agricultural commodities were grown outside of Puerto Rico, and SUN had purchased a substantial amount of the Produce from businesses outside Puerto Rico.

13.     Pursuant to the trust provisions of the PACA, at the time of receipt of said commodities, a statutory trust was established in favor of SUN as to all commodities received by

---

[1]      Less than 1% of the total owed is for non-perishable agricultural commodities.

3

Defendant GLOBAL IMPORT from the sale of such commodities until full payment is made for said commodities by Defendant GLOBAL IMPORT in the amount of $965,996.53, plus interest.

14.    Defendant GLOBAL IMPORT sold the subject Produce, and received consideration therefore, and such consideration has become part of the PACA Trust Assets.

15.    Defendant GLOBAL IMPORT failed and refused to make full payment promptly for the commodities, despite repeated demand.

16.    SUN is owed at least $965,996.53 for the subject Produce.

17.    All conditions precedent to this action have occurred, or alternatively have been waived or excused.

18.    SUN has retained the undersigned attorney, and agreed to pay attorney's fees, and is entitled to recover the attorney's fees pursuant to the terms of its below identified invoices and all other applicable law.  SUN will not receive full payment as required by subsection 5(c) of PACA, 7 U.S.C. §499e(c), if SUN must expend part of said payment in attorney's fees, costs, and loss of interest due to Defendants violation of a statutory duty to maintain the trust and make full payment promptly and to defeat the inferior claims of the Defendants.

## COUNT I

### Injunctive Relief to Compel Turnover and
### Disgorgement of PACA Trust Assets
(Against all Defendants other than AE MANA ISABELA, CORP)

19.    Plaintiff realleges paragraphs 1 through 18 above.

20.    This action is brought pursuant to the PACA at 7 U.S.C. §499e(c) and the regulations implementing PACA promulgated by the Secretary of the United States Department

of Agriculture ("USDA"), 7 CRF Part 46 (1987) ("PACA Regulations").  7 U.S.C.  §499e(c)

provides in pertinent part as follow:

> "(2)    Perishable agricultural commodities received by a commission merchant, dealer or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities of products, *shall be held by such commission merchant, dealer or broker **in trust** for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until such payment of sums owing in connection with such transactions has been received by such unpaid suppliers, seller or agents . . .* ;

> (3)     . . . When the parties expressly agree to a payment time period different from that established by the Secretary, a copy of any such agreement shall be filed in the records of each party to the transaction and the terms of payment shall be disclosed on invoices, accountings, and other documents relating to the transaction.

> (4)    In addition to the method of preserving the benefits of the trust specified in paragraph (3), *a licensee may use ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve the trust.* The bill or invoice statement must include the information required by the last sentence of paragraph (3) and contain on the face of the statement the following: *"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.".*

> (5)    The several District Courts of the United States are vested with jurisdiction specifically to entertain (I) actions by trust beneficiaries to enforce payment from the trust . . . ."  [Emphasis supplied].

21.    Defendant GLOBAL IMPORT violated its PACA Trust obligations to SUN by failing to preserve the PACA Trust Assets, and failing to apply those PACA Trust Assets to pay the PACA Trust obligation owing to SUN.

22.    Defendant GLOBAL IMPORT's continuing failure to maintain the PACA Trust will result in irreparable harm to SUN, since there is a great risk the trust funds will be paid to

other creditors, third parties, or otherwise dissipated by the Defendants.  Irreparable harm to SUN and resultant instability of produce companies is precisely what Congress sought to avoid by enacting the PACA.

23.    At all material times ABDIEL TORRES RAMOS and HENRY PAGAN PEREZ and have been in control of GLOBAL IMPORT's PACA Trust Assets, and based  upon information and belief ARIEL TORRES RAMOS has been in a position to exercise control of the PACA trust assets of GLOBAL IMPORT, and have failed to apply those PACA Trust Assets to pay the PACA Trust obligations owed to SUN and other PACA trust beneficiaries.

WHEREFORE, SUN respectfully requests that this Court enter judgment as follows:

a.    Granting a temporary, preliminary, and permanent injunction enjoining GLOBAL IMPORT, its agents, officers, directors, subsidiaries, assigns, including ABDIEL TORRES RAMOS, HENRY PAGAN PEREZ, and ARIEL TORRES RAMOS, from dissipating, paying, transferring, assigning or selling any and all assets of GLOBAL IMPORT which are subject to the trust provisions of the PACA, including, without limitation, (1) the Produce, (2) receivables derived from the sale or other disposition of the Produce, (3) money derived from the transfer of the Produce, and (4) all assets that have been purchased, improved, or maintained by the use of monies derived from the sale or other disposition of perishable agricultural commodities, until further order of this Court or until written agreement signed by Plaintiff's counsel.

b.     Granting a temporary, preliminary, and permanent injunction freezing GLOBAL IMPORT, ABDIEL TORRES RAMOS, HENRY PAGAN PEREZ, and ARIEL TORRES RAMOS' bank accounts and other assets.

c.    Requiring GLOBAL IMPORT, ABDIEL TORRES RAMOS, HENRY PAGAN PEREZ, and ARIEL TORRES RAMOS to immediately deliver a complete accounting of GLOBAL IMPORT, INC.'s financial condition to Plaintiff's attorney, which shall include the

production of financial documents created after January 1, 2026, including, without limitation, (1) detailed and summary accounts receivables, (2) detailed and summary accounts payable, (3) a general ledger, (4) bank statements and related checks, (5) check registers, and (6) credit card statements.

d.    compelling Defendants to turnover the PACA trust assets to the PACA trust beneficiaries.

e.    appointing a trustees or receiver to marshal the PACA trust assets, liquidate them, and deposit the proceeds from the liquidation of GLOBAL IMPORT's PACA trust assets into a PACA Trust Account, and then turnover the PACA trust assets to the PACA trust beneficiaries.

f.    Awarding pre- and post-judgment interest.

g.    Awarding the Plaintiff court costs and attorneys' fees; and

h.    Granting such other relief as this Court deems just and proper.

## COUNT II

### Appointment of Receiver (or Trustee)
(Against GLOBAL IMPORT)

24.    SUN realleges paragraphs 1 through 23 above.

25.    An imminent danger exists that trust property will be further diminished by the Defendants.

26.    Legal remedies may be inadequate because once trust assets have been dissipated there is little or no chance the assets will be recovered.

27.    Although SUN is entitled to injunctive relief, said remedy alone is  inadequate as Defendants have already shown a propensity to disregard their statutory duties.

28.    Appointment of a Receiver will likely cause more good than harm because a Receiver appointed for the benefit of PACA Trust creditors will have an interest in maximizing the assets of the Defendant while preserving the PACA Trust.

WHEREFORE, SUN respectfully requests that this Court enter orders and a judgment against GLOBAL IMPORT as follows:

a.    Appointing a Receiver (or Trustee) to take charge of the PACA trust assets, including, without limitation:

1.    collect GLOBAL IMPORT's accounts receivables;

2.    intake the mail for GLOBAL IMPORT, and the mail shall be forwarded to the Receiver's address;

3.    have access to GLOBAL IMPORT's premises and computers, and books and records;

4.    have the Receiver's name alone be placed on GLOBAL IMPORT's bank accounts and/or have the Receiver open a new bank account in the Receiver's name; and

5.    such other powers and duties as the Court deems appropriate.

b.    Awarding the Plaintiff court costs and attorneys' fees.

c.    Granting such other relief as this Court deems just and proper.

### COUNT III

**Failure to Pay PACA Trust Funds**
**Pursuant to 7 USC §499e(c)**
(Against all Defendants other than AE MANA ISABELA, CORP)

29.    Plaintiff realleges paragraphs 1 through 18 above.

30.    Defendants ABDIEL TORRES RAMOS and HENRY PAGAN PEREZ, and, upon information and belief, ARIEL TORRES RAMOS, due to their ownership interest and/or

8

position with GLOBAL IMPORT, did, or reasonably should have, controlled or were in a position to control the PACA Trust funds so as to make sure the PACA Trust funds were available for the PACA Trust beneficiaries, including SUN.

31.    Defendants' failure to preserve the statutory PACA Trust has resulted in damages to SUN in the amount of at least $965,996.53.

WHEREFORE, SUN respectfully requests that this Court enter judgment against all Defendants other than AE MANA ISABELA, CORP for compensatory damages in the amount stated above, pre-judgment interest, attorney's fees, court costs, and such other relief as the Court deems just and proper.

### COUNT IV

#### CONVERSION AND UNLAWFUL RETENTION
#### OF PACA TRUST ASSETS BY AE MANA ISABELA, CORP
(Against AE MANA ISABELA, CORP and ARIEL TORRES RAMOS)

32.    Plaintiff realleges paragraphs 1 through 18 above.

33.    Plaintiff is a PACA Trust Beneficiary of the PACA Trust Assets being held by GLOBAL IMPORT, including money in its bank accounts derived from the sale of Produce.

34.    During 2025 and 2026, GLOBAL IMPORT, at HENRY PAGAN PEREZ, ABDIEL TORRES RAMOS, and, upon information and belief, ARIEL TORRES RAMOS' direction, transferred PACA Trust Assets to AE MANA ISABELA, CORP which have not been paid for.

35.    At all material times AE MANA ISABELA, CORP has had actual, or alternatively constructive, notice of the statutory trust referred to herein as the "PACA."

36. At all material times, AE MANA ISABELA, CORP knew that GLOBAL IMPORT was engaged in the business of purchasing and selling Produce, and that the assets it received from GLOBAL IMPORT were derived completely or substantially from the sale of Produce.

37. At the time AE MANA ISABELA, CORP received PACA Trust Assets of GLOBAL IMPORT, it knew that GLOBAL IMPORT was experiencing financial difficulties and unable to fully pay all its produce suppliers within terms, and so was in breach of its PACA trust obligations to its PACA Trust Beneficiaries.

38. The subject PACA Trust Assets received and taken by AE MANA ISABELA, CORP belong to the PACA Trust Beneficiaries, including Plaintiff.

39. AE MANA ISABELA, CORP continues to hold the subject PACA Trust Assets, despite Plaintiff's demand having been made for their return.

40. AE MANA ISABELA, CORP is not a bona fide purchaser for value of the subject PACA Trust Assets without notice of GLOBAL IMPORT's breach of its PACA trust obligations.

41. AE MANA ISABELA, CORP's receipt of the subject PACA Trust Assets has resulted in the Plaintiff suffering monetary damages.

WHEREFORE, Plaintiff demands that judgment be entered against AE MANA ISABELA, CORP and ARIEL TORRES RAMOS and for the amount of the subject PACA Trust Assets received by AE MANA ISABELA, CORP, for pre-judgment interest, for court costs, and for such other relief as the Court deems proper.

## COUNT IV

### Failure to Pay for Agricultural Products
### in Violation of 7 USC §499b

10

(Against GLOBAL IMPORT)

42.    SUN realleges paragraphs 1 through 18 above.

43.    The PACA at §499b is entitled "Unfair conduct," and provides in pertinent part as follows:

It shall be unlawful in or in connection with any transaction in interstate or foreign commerce:

(4)    **For any commission merchant, dealer, or broker** to make, for a fraudulent purpose, any false or misleading statement in connection with any transaction involving any perishable agricultural commodity which is received in interstate or foreign commerce by such commission merchant, or bought or sold, or contracted to be bought, sold, or consigned, in such commerce by such dealer, or the purchase or sale of which in such commerce is negotiated by such broker; or **to fail or refuse** truly and correctly to account and **make full payment promptly** in respect of any transaction in any such commodity to the person with whom such transaction is had; or **to fail, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with any such transaction** . . . ."

44.    GLOBAL IMPORT has failed to pay funds owed to SUN, and has thereby violated 7 U.S.C. §499b.

45.    GLOBAL IMPORT's failure to pay the funds has resulted in damages to SUN in the amount of at least $965,996.53.

WHEREFORE, SUN demands that judgment be entered against GLOBAL IMPORT for compensatory damages, court costs, attorney's fees, pre-judgment interest, and such other relief as the Court deems just and equitable.

///

///

**COUNT V**

**Declaratory Relief**
(Against all Defendants other than AE MANA ISABELA, CORP)

11

46.     Plaintiff realleges paragraphs 1 through 18 above.

47.     This is an action for declaratory judgment within the meaning of 28 U.S.C. §2201 for the purpose of determining the rights, duties, entitlement, status and other legal relations between the parties regarding GLOBAL IMPORT's inventory, accounts, and proceeds therefrom, under and pursuant to the PACA.

48.     A dispute and actual controversy has arisen between Plaintiff and the Defendants regarding their relative rights to and ownership of monies received or to be received by the Defendants as proceeds, either directly or indirectly, from SUN'S sale of perishable agricultural commodities to Defendant GLOBAL IMPORT, and Plaintiff is in doubt as to its rights, necessitating a judicial declaration as to the parties respective rights, duties, and entitlements in and to said proceeds.

49.     SUN, since it has established a qualified PACA claim, is entitled to a judicial declaration that the Defendants have breached their PACA trust obligations to SUN, and of the amount it is owed from the PACA Trust Funds.

WHEREFORE, SUN respectfully requests that this Court enter judgment as follows:

a.     Declare that Plaintiff SUN has a valid, perfected PACA Trust claim against Defendants other than AE MANA ISABELA, CORP in the amount of $965,996.53, and that the Defendants have failed to preserve the PACA Trust Assets, and declare which assets are PACA trust assets.

b.     Award the Plaintiff court costs and attorneys' fees.

c.     Grant such other relief as this Court deems just and proper.

## COUNT VI

### Open Account

12

(Against GLOBAL IMPORT)

50.    Plaintiff realleges paragraphs 1 through 18 above.

51.    SUN sold perishable agricultural commodities to Defendant GLOBAL IMPORT in the amount of $965,996.53.

52.    The Defendants failure to pay SUN for the Produce sold has resulted in damages to SUN in the amount of $965,996.53.

WHEREFORE, SUN respectfully requests that this Court enter judgment as follows:

a.    Award Plaintiff compensatory damages against Defendant GLOBAL IMPORT in the amount of at least $965,996.53.

b.    Award the Plaintiff pre-judgment interest;

c.    Award Plaintiff court costs and attorneys' fees.

d.    Grant such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

ORLANDO FERNANDEZ LAW OFFICES, P.S.C.
27 Calle González Giusti Ste. 300
Guaynabo, P.R. 00968-3076
Tel. (787) 294-5698
ofernandez@oflawoffice.com
Attorney for Plaintiff SUN

By:    s/ Orlando Fernandez, Esq.
Orlando Fernandez, Esq.
P.R. Fed. Bar #126912

Proposed Pro Hac Vice Counsel:
Robert E. Goldman, Esq. (FB#740799)
Robert@goldmanlaw.com
LAW OFFICE OF ROBERT E. GOLDMAN

13

1 East Broward Blvd., Ste. 700
Fort Lauderdale, FL  33301
Tel: (954) 745-7450
Fax: (954) 745-7460
Attorney for Plaintiff SUN