IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SUN COMMODITIES, INC.,

        Plaintiff,

           v.                  **Civil No. 26-1225(GMM)**

GLOBAL IMPORT PRODUCTS, INC.,
et al.

        Defendants.

## OPINION AND ORDER

Before the Court is Sun Commodities, Inc. ("Sun Commodities") *Motion for Preliminary Injunction*. (Docket No. 12). For the reasons set forth below, the motion is hereby **GRANTED.**

### I.    BACKGROUND

On April 16, 2026, Sun Commodities filed a *Complaint* against Global Import Products, Inc. ("Global"), and other Defendants, alleging it sold perishable agricultural commodities to Global at the unpaid amount of $965,996.53, and that the monies owed fulfill the statutory trust fund provision of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c). (Docket No. 1).

The Court issued a temporary restraining order enjoining Global from dissipating the trust assets in its possession in the amount of $487,097.96. (Docket No. 24). After a hearing was scheduled to address the preliminary injunction, on May 13, 2026,

Civil No. 26-1225
Page – 2 –

Sun Commodities and Global filed a *Stipulation to Preliminary Injunction* ("*Stipulation*"). (Docket No. 33).

## II.  LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (internal citation omitted). The court decides in its discretion whether this burden is met. Anheuser-Busch, Inc. v. Teamsters Local No. 633, 511 F.2d 1097, 1099 (1st Cir. 1975).

The standard for issuing a preliminary injunction rests on a four-factor test: (1) the likelihood of success on the merits; (2) the potential for irreparable injury; (3) a balancing of the relevant equities at stake; and (4) the effect on the public interest of a grant or denial of the sought injunctive relief. New Comm. Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 8-9 (1st Cir. 2002); Ross-Simons of Wardwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996).

"Of these four factors, the probability-of-success component [is] . . . critical in determining the propriety of injunctive relief." Lancor v. Lebanon Hous. Auth., 760 F.2d 361, 362 (1st Cir. 1985). This factor is the "sine qua non" of the preliminary injunction test. Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993).

Civil No. 26-1225
Page – 3 –

Irreparable injury is "a substantial injury that is not accurately measurable or adequately compensable by money damages." Ross-Simons, 102 F.3d at 19. This prong "is not assumed[,] it must be demonstrated" and "speculative injury does not constitute a showing of irreparable harm." Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 6-7 (1st Cir. 1991) (internal quotation omitted).

The comparable hardship factor requires the court to examine - and balance – whether the injuries that would be suffered by plaintiff outweigh any harm that granting injunctive relief would inflict on the defendant. Planned Parenthood League v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981).

The fourth criterion is measured by whether the public interest would be better served by issuing than by denying the injunction. Mass. Coal. of Citizens with Disabilities v. Civ. Def. Agency & Off. Emergency Preparedness, 649 F.2d 71, 74 (1st Cir. 1981.)

### III. DISCUSSION

Sun Commodities and Global have stipulated to the entry of a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, subject to the terms thereof, and including the Court's adoption of the findings of fact in its *Opinion and Order* at Docket No. 14. After reviewing the parties' filings, the Court adopts the findings contained in its prior *Opinion and Order* and approves Sun

**Civil No. 26-1225**
**Page – 4 –**

Commodities' and Global's *Stipulation* at Docket No. 33. The Court independently finds that the requirements for preliminary injunctive relief under Federal Rule of Civil Procedure 65 have been satisfied.

In accordance with Federal Rule of Civil Procedure 65(a) and (d), the Court ORDERS as follows.

1. Global's PACA trust assets, including funds held in its bank accounts, are hereby frozen. Global shall promptly deposit into its First Bank of Puerto Rico bank account (ending in 4922) all monies received from the sale of goods, up to the amount of $414,251.79, and remit any such amounts to Sun Commodities from that account. First Bank of Puerto Rico is authorized, without further Court order, to pay any amount from such account to Sun Commodities, upon a written instruction jointly signed by the attorneys of record representing Sun Commodities and Global. Global may pay directly to Sun Commodities any amount owed. All payments received by Sun Commodities pursuant to this paragraph shall reduce the amount owed of $414,251.79, in accordance with the invoices submitted at Docket Nos. 11-3, 11-4 and 11-5.

2. Global, its officers, agents, servants, employees, assigns, and financial institutions are restrained and enjoined from dissipating, disbursing, or otherwise encumbering any funds received from the sale or disposition of perishable agricultural commodities ("Produce"), including proceeds derived from the sale

Civil No. 26-1225
Page – 5 –

of these commodities and unliquidated interests of any type whatsoever that are now in their possession or control, or that come into their possession or control.

3. Global shall promptly produce the following documents to counsel for Sun Commodities, to the extent such documents exist and are within its possession, custody, or control: (a) its bank statements for all of its bank accounts and related checks (front and back) and wires since October 1, 2025; (b) its disbursement journals and ledgers showing all disbursements made by date, amount, and recipient since October 1, 2025; (c) its detailed and summary, aged accounts receivables together with customer's names, and addresses since October 1, 2025; and (d) its detailed and summary, aged accounts payables together with vendor's names and addresses since October 1, 2025.

4. Per the parties' stipulation, a security bond is not imposed on the moving party.

5. This preliminary injunction, and its restraints, shall terminate - and be of no further force and effect - upon the earlier of either (a) Global's total payment of $414,251.79 to Sun Commodities, and Sun Commodities does not file a motion for further injunctive relief within ten (10) days of receipt of such payment; (b) the entry of an order by this Court terminating the preliminary injunction; or (c) as otherwise agreed by the parties and ordered by this Court.

**Civil No. 26-1225**
**Page – 6 –**

6. The parties may, by written motion, seek the modification of this preliminary injunction and seek relief from or modification of the findings adopted herein from its prior *Opinion and Order*, (Docket No. 24), including - but not limited to - challenging Sun Commodities' claims and disputing whether a statutory trust exists.

## IV.  CONCLUSION

The *Motion for Preliminary Injunction*, (Docket No. 12), is hereby **GRANTED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on May 17, 2026.

/s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE